UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LINDA EDSON,
     Plaintiff,

v.                          Case No.: 3:24cv635/TKW/ZCB

WELLS FARGO BANK NA, et al.,
     Defendants.
_____/

## **REPORT AND RECOMMENDATION**

This *pro se* case was initially filed in state court and then removed to this Court. (Doc. 1). In the complaint, Plaintiff alleges Defendant Wells Fargo Bank, N.A. and Defendant Apple, Inc. violated the Electronic Fund Transfer Act (EFTA). (Doc. 1-2 at 17-18). Currently before the Court is Defendant Wells Fargo's motion to dismiss for failure to state a claim. (Doc. 8). Plaintiff has not responded in opposition, despite being afforded an opportunity to do so.[1] (Doc. 12). For the reasons below, Defendant Wells Fargo's motion to dismiss should be granted.

_____

[1] The failure to respond to the motion to dismiss would itself be a sufficient basis for dismissing Plaintiff's complaint. *See* N.D. Fla. Loc. R. 7.1(H) ("The Court may grant a motion by default if an opposing party does not file a memorandum as required by this rule."); *see also* (Doc. 12 at 2) (informing Plaintiff that her "[f]ailure to respond in opposition to Defendants' motions may cause this Court to presume that Plaintiff does not oppose the motion and agrees that her claims against Defendants should be dismissed"); *Stubbs v. CitiMortgage, Inc.*, 549 F. App'x 885, 887 (11th Cir. 2013) (finding

1

## I.    Summary of Plaintiff's Factual Allegations

Plaintiff alleges that on July 22, 2024, she was scammed out of $8,168.00 "by someone claiming to be APPLE support." (Doc. 1-2 at 3). Regarding the alleged scam, Plaintiff states that she spoke to someone she believed to be employed by Defendant Apple. (*Id.* at 12). The individual Plaintiff spoke with "told [Plaintiff] to download an app that said apple.com so [Plaintiff] just kept assuming [she] was talking to a legitimate company." (*Id.*). The individual she spoke with instructed Plaintiff to use the downloaded app to send money to her sister. (*Id.* at 15).

Thereafter, Plaintiff discovered $8,168 in unauthorized transfers had occurred in her account with Defendant Wells Fargo. (*Id.* at 3, 12). Plaintiff claims she then contacted Defendant Wells Fargo to dispute the transfers and request reimbursement of the $8,168. (*Id.* at 12). According to Plaintiff, Defendant Wells Fargo denied her request for reimbursement. (*Id.*).

Based on the complaint and the documents attached to it, Plaintiff appears to allege that Defendants Apple and Wells Fargo violated the EFTA by failing to reimburse her for the $8,168 in transfers. (*See id.* at 3,

---

that the district court correctly treated defendant's motion to dismiss as unopposed where plaintiff failed to file a response in opposition).

17-18).    Additionally, Plaintiff seeks gas money, pain and suffering damages, and court costs.  (*Id.* at 3).

## II.    Legal Standard

Defendant Wells Fargo has moved to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  To survive dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up).  The plausibility standard is met only where the facts alleged enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

At the motion to dismiss stage, the plaintiff's allegations are taken as true and construed in the light most favorable to the plaintiff.  *Chabad Chayil, Inc. v. Sch. Bd. of Miami-Dade Cnty., Fla*, 48 F.4th 1222, 1229 (11th Cir. 2022).  Additionally, a *pro se* litigant's complaint must be liberally construed.  *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006).

## III.  Discussion

The EFTA is a consumer protection statute that was designed to "provide a basic framework establishing the rights, liabilities, and

responsibilities of participants in electronic fund and remittance transfer systems." 15 U.S.C. § 1693(b).  "To state a claim under the EFTA, a plaintiff must allege that the accounts in question 1) were demand deposit, savings deposit, or other asset accounts; 2) established primarily for personal, family, or household purposes; and 3) that the unauthorized electronic fund transfer was initiated through an electronic terminal, telephone, computer, or magnetic tape for the purpose of ordering, instructing, or authorizing a financial institution to debit or credit a consumer's account." *Prignoli v. Bruczynski*, No. 20-CV-907, 2021 WL 4443895, at *5 (E.D.N.Y. Sept. 28, 2021) (cleaned up).  If a plaintiff fails to plausibly allege that the account(s) in question were of the type covered by the EFTA, then dismissal is warranted.  *See id*. at *5-7 (dismissing EFTA claim because the plaintiff failed to allege the account in question was the type covered by the EFTA).

Defendant Wells Fargo argues that dismissal is warranted because Plaintiff's complaint fails to plausibly allege that the account in question was a "demand deposit, savings deposit, or other asset account . . . established primarily for personal, family, or household purposes" as required to state a claim under the EFTA.  (Doc. 8 at 5).  Having reviewed the complaint, the Court agrees with Defendant Wells Fargo.  Plaintiff's complaint does not plausibly allege that her account with Defendant Wells

Fargo is of the type covered by the EFTA.  Nor are there sufficient facts asserted in the barebones complaint from which the Court could reasonably infer the type of account in question.  Because Plaintiff's complaint fails to plausibly allege the required elements of an EFTA claim, dismissal is warranted.[2]

Plaintiff's complaint not only fails to identify the type of account in question, but it also entirely fails overall to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  The complaint is barebones, vague, and conclusory.  It does not even identify the particular provision of the EFTA that Plaintiff believes has been violated.  Although *pro se* complaints are to be liberally construed, it is not the Court's role to "act as de facto counsel or rewrite an otherwise deficient pleading to sustain an action."  *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020).  Nor is it the Court's role to "scrutinize [the plaintiff's] factual allegations and hypothesize as to what potential cause of action these facts might support."  *Richardson v. Route 1, Inc.*, No. 8:12-cv-2888, 2013 WL 4055857, at *4 (M.D.

---

[2] Because dismissal is appropriate on this basis, the Court need not address the other arguments for dismissal raised in Defendant Wells Fargo's motion.

Fla. Aug. 12, 2013).   Accordingly, Defendant Wells Fargo's motion to dismiss the complaint should be granted.

## IV.   Conclusion

For the reasons above, it is respectfully **RECOMMENDED** that:

1.   Defendant Wells Fargo's motion to dismiss (Doc. 8) be **GRANTED** and Plaintiff's complaint **DISMISSED** under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

2.   Plaintiff be provided with fourteen days from the date of the District Judge's order regarding this recommendation to file an amended complaint.[3]

At Pensacola, Florida this 17th day of March 2025.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

---

[3] The Eleventh Circuit has said that district courts should ordinarily permit a *pro se* plaintiff one chance to amend her complaint before dismissing the case.  *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (stating that a plaintiff typically "must be given at least one chance to amend the complaint before the district court dismisses the action").  Although the Court previously concluded that it would be futile to permit Plaintiff to file an amended complaint against Defendant Apple because it is not a financial institution that is covered by the EFTA (Doc. 15 at 6), the same is not true for Defendant Wells Fargo.

## <u>Notice to the Parties</u>

Objections to the proposed findings and recommendations set forth above must be filed within fourteen days of the date of this Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>.  An objecting party must serve a copy of the objections on all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.