UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LINDA EDSON,
     Plaintiff,

v.                             Case No.: 3:24cv635/TKW/ZCB

WELLS FARGO BANK, N.A., et al.,
     Defendants.
_____/

## **REPORT AND RECOMMENDATION**

This *pro se* case was initially filed in state court and then removed
to this Court. (*See* Doc. 1). The Court dismissed Plaintiff's original
complaint and provided her with leave to amend. (Docs. 21, 18). She has
now filed an amended complaint, which Defendant Wells Fargo has
moved to dismiss. (Docs. 19, 22). Plaintiff has responded in opposition.
(Doc. 24). For the reasons below, the motion to dismiss should be granted
with respect to the federal claim and supplemental jurisdiction be
declined over the state law claim.

### I.    Summary of Plaintiff's Factual Allegations

Plaintiff alleges that on July 22, 2024, she was the "victim of several
fraudulent unauthorized electronic funds transfer transactions totaling
$8,168.00, to her Well[s] Fargo account." (Doc. 19 at 5). Plaintiff states

1

that "she did not approve or authorize these transactions" and "promptly reported" them to Wells Fargo upon discovering them posted to her account." (*Id.*). Plaintiff further states that she reported the unauthorized transactions within the two-day period required by the Electronic Fund Transfer Act (EFTA) and its implementing regulation—Regulation E. ((*Id.* at 5-6) (citing 15 U.S.C. § 1693 et seq.; 12 C.F.R. Part 1005)). Plaintiff alleges that she "was clearly the victim of a fraud," and she seeks reimbursement of the $8,168.00 that was taken from her account. (*Id.* at 6).

Plaintiff has been a customer of Defendant Wells Fargo for over fifteen years, and she says this is her first dispute. (*Id.* at 1). According to Plaintiff, her account with Defendant Wells Fargo was "a personal account." (*Id.*). Plaintiff alleges that despite Defendant Wells Fargo's 24/7 fraud monitoring, it did not contact Plaintiff or flag the disputed transactions. (*Id.*). Plaintiff further states that Defendant Wells Fargo had sufficient time "to PREVENT OR DECLINE the transactions that were in dispute, but they completed them anyway." (*Id.*). Plaintiff claims that "Wells Fargo helped the scammers to scam [Plaintiff]." (*Id.*).

Based on the amended complaint and the documents attached to it, Plaintiff alleges that Defendants Wells Fargo violated the EFTA by failing to reimburse the $8,168 that she lost from the transfers. (*See id.* at 1, 5-6). Additionally, Plaintiff alleges a state law negligence claim. (*See id.* at 1).

## II.    Legal Standard

Defendant Wells Fargo has moved to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. To survive dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). The plausibility standard is met only where the facts alleged enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

At the motion to dismiss stage, the plaintiff's allegations are taken as true and construed in the light most favorable to the plaintiff. *Chabad Chayil, Inc. v. Sch. Bd. of Miami-Dade Cnty., Fla*, 48 F.4th 1222, 1229 (11th Cir. 2022). Additionally, a *pro se* litigant's complaint must be

liberally construed. *Taveras v. Bank of Am., N.A.*, 89 F.4th 1279, 1285 (11th Cir. 2024).

### III.   Discussion

### A. Plaintiff fails to plausibly allege an EFTA claim.

The EFTA is a consumer protection statute that was designed to "provide a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic fund and remittance transfer systems." 15 U.S.C. § 1693(b). "To state a claim under the EFTA, [Plaintiff] must allege that the accounts in question (1) were demand deposit, savings deposit, or other asset accounts; (2) established primarily for personal, family, or household purposes; and (3) that the unauthorized electronic fund transfer was initiated through an electronic terminal, telephone, computer, or magnetic tape for the purpose of ordering, instructing, or authorizing a financial institution to debit or credit a consumer's account." *Bernstein v. JPMorgan Chase Bank, N.A.*, No. 24-CV-3552 (JGLC), 2025 WL 950684, at *9 (S.D.N.Y. Mar. 28, 2025); *see also Prignoli v. Bruczynski*, No. 20-CV-907, 2021 WL 4443895, at *5 (E.D.N.Y. Sept. 28, 2021) (stating the same). If a plaintiff fails to plausibly allege that the account(s) in question were of the type covered

by the EFTA, then dismissal is warranted. *See Prignoli*, 2021 WL 4443895 at \*5-7 (dismissing EFTA claim because the plaintiff failed to allege the account in question was the type covered by the EFTA).

Defendant Wells Fargo argues that dismissal is warranted because Plaintiff's amended complaint does not plausibly allege that her account is covered by the EFTA. (Doc. 22 at 4). Although Plaintiff alleges that her account is a "personal account," Defendant Wells Fargo asserts that Plaintiff does not allege the type of account at issue—whether it is a demand deposit, savings, or other asset account. (*Id.*). Thus, Defendant Wells Fargo argues, Plaintiff has failed to plausibly allege an EFTA claim. (*Id.*).

In response, Plaintiff states that she is opposing the motion to dismiss and is "further amending [her] claim to request that Wells Fargo provide proof to [Plaintiff] . . . of how they protected [her] personal account . . . ." (Doc. 24 at 1). Plaintiff argues that she disputed the transactions at issue, but saw "nothing that Wells Fargo did, to protect [her] account or give any Security alerts, or Flag the transactions." (*Id.*). Plaintiff states that unless Defendant Wells Fargo "can provide the proof,

it shows how they neglected to protect [her] personal account, per their policies." (*Id.*).

Having reviewed the amended complaint, the Court agrees with Defendant Wells Fargo that Plaintiff's EFTA claim should be dismissed.[1] Plaintiff has not plausibly alleged that her account with Defendant Wells Fargo is of the type covered by the EFTA. Plaintiff states that her account is a personal account. (Doc. 19 at 1; Doc. 24 at 1). But Plaintiff's amended complaint does not include any factual allegations showing that Plaintiff's personal account was a "demand deposit, savings deposit, or other asset account." *Bernstein*, 2025 WL 950684, at *9. Nor are there sufficient facts asserted in the barebones complaint from which the Court could reasonably infer the type of account in question. Because Plaintiff's complaint fails to plausibly allege the required elements of an EFTA claim, dismissal is warranted. *See Prignoli*, 2021 WL 4443895, at *5-7 (dismissing EFTA claim for failure to state a claim where plaintiff "failed to allege that the account in question was a 'demand deposit, savings

---

[1] It bears mentioning that Plaintiff's amended complaint itself does not actually cite any provision of the EFTA. (Doc. 19 at 1). The only mention of the EFTA is in a letter that was apparently sent to Defendant Wells Fargo, which Plaintiff has attached to her amended complaint. (Doc. 19 at 5).

deposit, or other asset account' that was 'established primarily for personal, family, or household purposes'" and instead merely alleged that he owned "a bank account").

The Court agrees with Defendant Wells Fargo that dismissal is also warranted because Plaintiff's amended complaint fails to identify any electronic fund transfer subject to the EFTA. (Doc. 22 at 4). Other than stating that she disputed "the 3 transactions," Plaintiff does not meaningfully address this argument in her response. (Doc. 24 at 1).

Under the EFTA, an "'electronic fund transfer' means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, or computer or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account." 15 U.S.C. § 1693a(7). "Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, direct deposits or withdrawals of funds, and transfers initiated by telephone." *Id.*

An "'unauthorized electronic fund transfer' means an electronic fund transfer from a consumer's account initiated by a person other than the consumer without actual authority to initiate such transfer and from

7

which the consumer receives no benefit[.]"  15 U.S.C. § 1693a(12).  "[B]ut the term does not include any electronic fund transfer (A) initiated by a person other than the consumer who was furnished with the card, code, or other means of access to such consumer's account by such consumer, unless the consumer has notified the financial institution involved that transfers by such other person are no longer authorized, (B) initiated with fraudulent intent by the consumer or any person acting in concert with the consumer, or (C) which constitutes an error committed by a financial institution."  *Id.*

As Defendant Wells Fargo points out, the only facts alleged in Plaintiff's amended complaint are that she had some type of personal account at Wells Fargo, she disputed an unknown number of "unauthorized electronic funds transfer transactions totaling $8,168.00," and that Defendant Wells Fargo failed to cancel the transactions.  (*See* Doc. 19 at 1, 5-6).  These barebones and vague allegations fail to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  Plaintiff's amended complaint does not identify the particular provision of the EFTA that Plaintiff believes has been violated, nor does

it provide sufficient factual allegations supporting any such violation. Given its scant allegations, Plaintiff's amended complaint fails to plausibly allege "that the unauthorized electronic fund transfer was initiated through an electronic terminal, telephone, computer, or magnetic tape for the purpose of ordering, instructing, or authorizing a financial institution to debit or credit a consumer's account." *Bernstein*, 2025 WL 950684, at *9. Accordingly, the EFTA claim raised in Plaintiff's amended complaint should be dismissed.

## B. Supplemental jurisdiction should be declined over Plaintiff's state law claim.

If the recommendation to dismiss the EFTA claim is adopted, then the remaining claim would be a state law negligence claim over which the Court would have supplemental jurisdiction.[2]  A district court may decline to exercise supplemental jurisdiction over state law claims when, among other things, it has "dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).

---

[2] Plaintiff's amended complaint makes a passing reference to the Americans with Disabilities Act (ADA). (Doc. 19 at 1).  But Plaintiff cites no legal provisions in support of such a claim nor does she provide any factual allegations or explanation as to how Defendant Wells Fargo is liable.  Plaintiff's mere passing reference to the ADA is woefully insufficient to state a claim.

"A district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009). And the Eleventh Circuit has "encouraged" district courts to exercise that discretion to decline supplemental jurisdiction "when . . . the federal claims have been dismissed prior to trial." *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004). Thus, a district court "will rarely err by declining supplemental jurisdiction after the federal claims that supported its jurisdiction are dismissed." *Silas v. Sheriff of Broward Cnty., Fla.*, 55 F.4th 863, 866 (11th Cir. 2022). The stage of the federal court proceedings is an important consideration, with the "preference for declining supplemental jurisdiction" being "particularly strong when the federal claims have dropped out of the lawsuit in its early stages." *68V BTR Holdings, LLC v. City of Fairhope*, 737 F. Supp. 3d 1222, 1239 (S.D. Ala. 2024).

Considering that the current case is in its infancy, the Court should decline to exercise supplemental jurisdiction over the state law claim if the federal claim is dismissed as recommended herein. Because this action originated in state court and was later removed to this Court, the

state law claim should be remanded to state court instead of dismissed. *See McDuffie v. Broward Cnty. Fla.*, 654 F. App'x 408, 411 (11th Cir. 2016) ("Where an action originates in state court and is later removed to federal court . . . district courts should remand to state court the state claims over which they decline to exercise supplemental jurisdiction.").

### IV.    Conclusion

For the reasons above, it is respectfully **RECOMMENDED** that:

1.    Defendant Wells Fargo's motion to dismiss (Doc. 22) be **GRANTED**, and Plaintiff's federal claim under the Electronic Fund Transfer Act be **DISMISSED** for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

2.    Supplemental jurisdiction over Plaintiff's state law claim be declined and this matter be **REMANDED** to the County Court of the First Judicial Circuit in and for Escambia County, Florida.

3.    The Clerk of Court be directed to close this case.

At Pensacola, Florida this 19th day of May 2025.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

## **Notice to the Parties**

Objections to the proposed findings and recommendations set forth above must be filed within fourteen days of the date of this Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>.  An objecting party must serve a copy of the objections on all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.