UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LINDA EDSON,

    Plaintiff,

v.                                      Case No. 3:24-cv-635-TKW-ZCB

WELLS FARGO BANK, N.A.,

    Defendant.
                                      /

## ORDER

This case is before the Court based on the magistrate judge's Report and Recommendation (Doc. 25) and Plaintiff's objection (Doc. 26). The Court reviewed the issues raised in the objection de novo as required by 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b)(3), and based on that review, the Court agrees with the magistrate judge's determination that Plaintiff has not stated a plausible claim for relief under the Electronic Fund Transfer Act (EFTA) and that the Court should decline to exercise supplemental jurisdiction over the state law negligence claim.[1]

---

[1] This case was removed to this Court based on federal question jurisdiction, not diversity jurisdiction, *see* Doc. 1, and the record does not reflect the citizenship of the parties. Thus, as the magistrate concluded, the only basis the Court would have to exercise jurisdiction over the state law claim is "supplemental jurisdiction" under 28 U.S.C. §1367.

The Court did not overlook that Plaintiff asserted in her objection that the account at issue was a "checking and savings deposit" and that the transactions at issue "were performed over the telephone." However, Plaintiff did not include those allegations in her amended complaint or in her response to Defendant's motion to dismiss despite having been put on notice of the need to identify the type of account involved. *See* Doc. 8 at 5; Doc. 16 at 4-5; Doc. 22 at 3-4. At this point, it is too late to amend the complaint again to allege these facts.

The Court understands that Plaintiff is not a lawyer, but she is still required to comply with the applicable pleading rules. *See Arrington v. Wells Fargo*, 842 F. App'x 307, 311 (11th Cir. 2020). Moreover, where (as here) a pro se plaintiff is given an opportunity to amend her complaint to state a legally sufficient claim (and told what she needed to do to do so), the Court is not required to give her another opportunity to amend. *See Gurrera v. Palm Beach Cnty. Sheriff's Off.*, 657 F. App'x 886, 894 n.5 (11th Cir. 2016) ("Our precedent does not require affording *pro se* plaintiffs multiple opportunities to amend.").

This does not leave Plaintiff without a remedy because the Court is remanding the state law negligence claim to the state court from which it was removed. Thus, Plaintiff will have an opportunity to pursue that claim in state court.

Accordingly, it is **ORDERED** that:

1. The magistrate judge's Report and Recommendation is adopted and incorporated by reference in this Order.

2. Defendant's motion to dismiss (Doc. 22) is **GRANTED** insofar as the federal claim under the EFTA is **DISMISSED with prejudice** under Fed. R. Civ. P. 12(b)(6) for failure to state a plausible claim for relief.

3. The Court declines to exercise supplemental jurisdiction over the state law negligence claim under 28 U.S.C. §1367(c)(3), and that claim is **REMANDED** to the County Court for Escambia County, Florida.

4. The Clerk shall effectuate the remand and close the case file in this Court.

**DONE AND ORDERED** this 9th day of June, 2025.

_____
**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**